UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Sheila Carol Holland

    v.                               Civil No. 18-cv-003-LM

                                      Opinion No. 2019 DNH 023

U.S. Social Security Commission,
Acting Commissioner


## O R D E R

Sheila Holland seeks judicial review of the decision of the Acting Commissioner of the Social Security Administration, denying in part her application for disability insurance benefits and supplemental social security income. Holland moves to reverse the Acting Commissioner's decision, and the Acting Commissioner moves to affirm. For the reasons discussed below, the court grants the Acting Commissioner's motion to affirm and denies Holland's motion to reverse.

### STANDARD OF REVIEW

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the [Administrative Law Judge] deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by

substantial evidence.  42 U.S.C. § 405(g); see also Fischer v. Colvin, 831 F.3d 31, 34 (1st Cir. 2016).  "Substantial evidence is more than a scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

In determining whether a claimant is disabled, the Administrative Law Judge ("ALJ") follows a five-step sequential analysis.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4).[1]  The claimant "has the burden of production and proof at the first four steps of the process."  Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).  The first three steps are (1) determining whether the claimant is engaged in substantial gainful activity; (2) determining whether she has a severe impairment; and (3) determining whether the impairment meets or equals a listed impairment.  20 C.F.R. §§ 404.1520(a)(4)(i)-(iii).

At the fourth step of the sequential analysis, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is a determination of the most a person can do in a work setting despite her limitations caused by impairments, id.

---

[1] Because the pertinent regulations governing disability insurance benefits at 20 C.F.R. Part 404 are the same as the pertinent regulations governing supplemental security income at 20 C.F.R. Part 416, the court will cite only Part 404 regulations.  See Reagan v. Sec'y of Health & Human Servs., 877 F.2d 123, 124 (1st Cir. 1989).

§ 404.1545(a)(1), and her past relevant work, id. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, the ALJ will find that the claimant is not disabled. See id. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ proceeds to Step Five, where the ALJ has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment. See id. § 404.1520(a)(4)(v).

## BACKGROUND

A detailed statement of the facts can be found in the parties' Joint Statement of Material Facts (doc. no. 12). The court provides a brief summary of the case here.

## I. Procedural Background

On September 17, 2013, Holland filed an application for disability insurance benefits and supplemental social security income, alleging a disability onset date of May 2, 2013, when she was 51 years old. After Holland's claim was denied at the initial level, she requested a hearing in front of an ALJ. On February 24, 2015, the ALJ held a hearing, and he denied Holland's claim for benefits in a written decision dated March 20, 2015. On May 20, 2016, the Appeals Council denied Holland's request for review, making the ALJ's decision the Acting Commissioner's final decision. Holland brought an action in

federal court challenging that decision (the "federal court action").  See Holland v. U.S. Soc. Sec. Admin., Acting Comm'r, 16-cv-269-JL (D.N.H. June 22, 2016).

On July 7, 2016, while the federal court action was pending, Holland filed another claim for social security benefits.  This second claim was based, in part, on Holland approaching her 55th birthday, a milestone which when reached would put Holland in the "advanced age" category under the social security regulations.  See 20 C.F.R. § 404.1563(e).  The medical-vocational rules are more favorable to claimants once they reach advanced age.  See id. § 404.1568(d)(4) (discussing standards applicable to a claimant once he or she reaches advanced age).

Holland's second claim for benefits was approved at the initial level.  She was awarded benefits effective November 13, 2016, the day before her 55th birthday.  See id. § 416.963(b) (discussing how a claimant may be considered an advanced age within "a few days to a few months of reaching" that category).

On May 7, 2017, upon an assented-to motion by the Acting Commissioner, the district court remanded the federal court action, which pertained to Holland's first claim for benefits, to the Acting Commissioner for further administrative proceedings.  The Appeals Council subsequently vacated the

Acting Commissioner's decision and remanded the case to the ALJ.
See Admin. Rec. at 725.

The Appeals Council directed the ALJ to resolve two issues.
First, the Appeals Council stated that the rationale for
discounting the opinion of Holland's treating physician, Dr.
Douglas Taylor, was inadequate.  Id.  Second, the Appeals
Council found that there was an unresolved conflict between the
assessed residual functional capacity and the examples of
occupations cited in the decision as representative of those a
person like Holland could perform.  Id.  The Appeals Council
directed the ALJ to consolidate Holland's initial claim with her
second claim, and to issue a new decision addressing both
claims.  Id. at 726.

On September 28, 2017, the ALJ held a hearing on Holland's
consolidated claims.  Holland, who was represented by an
attorney, appeared and testified.  Two non-examining impartial
medical experts, Drs. Chukwuemeka Efobi and Peter Schosheim, and
a vocational expert, Christine Spaulding, also appeared and
testified.

II.  The ALJ's Decision

On November 15, 2017, the ALJ issued a partially favorable
decision.  He agreed with the finding at the initial level that
Holland was disabled and entitled to benefits as of November 13,

5

2016.  The ALJ found that Holland was not disabled prior to that

date.

 The ALJ found that Holland had the residual functional

capacity to perform

> light work as defined in 20 CFR 404.1567(b) and
> 416.967(b), except she is able to lift/carry up to 20
> pounds occasionally and 10 pounds frequently when
> using both arms, but less than 10 pounds when using
> her right arm alone; and sitting, standing and walking
> for up to 6 hours each in an 8-hour workday.  She is
> able to frequently balance, stoop, kneel, crouch and
> climb ramps and stairs, with no crawling and climbing
> ladders, ropes and scaffolds.  She must avoid any
> overhead reaching with her right upper extremity, and
> may occasionally reach forward and perform lateral
> reaching with her right upper extremity.  She may
> occasionally finger, handle and feel with her right
> hand.  She must avoid hazards such as unprotected
> heights and dangerous machinery, and avoid vibrations.
> She is able to maintain attention and concentration
> for two-hour increments throughout an eight-hour
> workday for work requiring simple and short
> instructions and familiar tasks.

Admin. Rec. at 618.  In assessing Holland's RFC, the ALJ

considered Holland's testimony as to her activities of daily

living and symptoms, as well as her medical records and the

medical opinion evidence.

 As directed by the Appeals Council, the ALJ reassessed the

opinion evidence of Holland's treating physician, Dr. Taylor.[2]

---

 [2] At the time the ALJ issued his first decision, Dr. Taylor
had offered a single opinion, contained in a medical source
statement dated February 5, 2015.  Dr. Taylor offered a second
opinion in another medical source statement dated September 25,
2017, prior to the ALJ's second decision.  As discussed further
below, the ALJ addressed both opinions in his second decision.

The ALJ gave Dr. Taylor's opinions "less than great weight" for several reasons, including that his first opinion was conclusory and that his second opinion contradicted the first. Nevertheless, the ALJ included in his RFC assessment a limitation of lifting/carrying less than 10 pounds with Holland's right arm, which he found to be consistent with Dr. Taylor's opinion and other record evidence.

Relying on the vocational expert's testimony, the ALJ found at Step Five that Holland was capable of performing jobs that exist in the national economy, including usher and ticket taker. The ALJ concluded that, therefore, Holland was not disabled from her alleged onset date through November 12, 2016.

The Appeals Council denied Holland's request for review, making the ALJ's decision the Acting Commissioner's final decision. This action followed.

## DISCUSSION

Holland contends that the ALJ erred in his evaluation of the medical opinion evidence. She also argues that the ALJ improperly discounted her subjective complaints. As a result, Holland contends, the record lacks substantial evidence to support the ALJ's RFC assessment. The Acting Commissioner argues that the ALJ properly weighed and considered the opinion evidence and Holland's complaints.

I.   Medical Opinion Evidence

Holland contends that the ALJ erred in his evaluation of several medical opinions in the record.  Specifically, she argues that the ALJ erroneously gave "less than great weight" to Dr. Taylor's opinions and little weight to the opinion of Gregg Rogers, APRN.  She also contends that the ALJ erred in giving great weight to the opinions of Dr. Schosheim, an impartial medical expert, and Dr. Peter Loeser, a consultative examiner.

"An ALJ is required to consider opinions along with all other relevant evidence in a claimant's record." Ledoux v. Acting Comm'r, Social Sec. Admin., No. 17-cv-707-JD, 2018 WL 2932732, at *4 (D.N.H. June 12, 2018).  The ALJ analyzes the opinions of state agency consultants, treating sources, and examining sources under the same rubric.  See id.; 20 C.F.R. § 404.1527(c).  The ALJ must consider "the examining relationship, treatment relationship (including length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship), supportability of the opinion by evidence in the record, consistency with the medical opinions of other physicians," along with the doctor's expertise in the area and any other relevant factors.  Johnson v. Berryhill, No. 16-cv-375-PB, 2017 WL 4564727, at *5 (D.N.H. Oct. 12, 2017).

A.   Dr. Taylor

A treating medical source's opinion about the claimant's
impairment will be given controlling weight if it "is well-
supported by medically acceptable clinical and laboratory
diagnostic techniques and is not inconsistent with the other
substantial evidence in [the] case record."  § 404.1527(c)(2).
An ALJ must give "good reasons" for the weight given to a
treating source's medical opinion.  Id.  "Those reasons must
offer a rationale that could be accepted by a reasonable mind."
Dimambro v. US Soc. Sec. Admin., Acting Comm'r, No. 16-cv-486-
PB, 2018 WL 301090, at *10 (D.N.H. Jan. 5, 2018).  If the ALJ
satisfies that standard, the court will uphold the decision to
discount a treating source's opinion.  Id.

The ALJ addressed Dr. Taylor's February 5, 2015 and
September 25, 2017 opinions.  He noted that the 2015 opinion was
limited to an evaluation of Holland's right upper extremity only
and it stated that Holland was limited to rarely lifting or
carrying less than 10 pounds with her right arm.  The ALJ noted
that in the 2017 opinion, however, Dr. Taylor did not include
the same limitation with respect to Holland's ability to lift or
carry with her right arm.  Instead, Dr. Taylor wrote "not
applicable" next to the box corresponding to that limitation.

The ALJ gave Dr. Taylor's opinion less than great weight because Dr. Taylor declined "to provide a function-by-function assessment of [Holland's] ability to use her right upper extremity, and his first opinion is inconsistent with his second opinion."[3] Admin. Rec. at 625. The ALJ further noted that Dr. Taylor's 2015 opinion was "rather conclusory," with little support for the right arm limitation. Id. Although he gave Dr. Taylor's opinions less than great weight for those reasons, the ALJ stated that he was including a limitation in his RFC assessment that Holland could occasionally (rather than rarely) lift/carry less than 10 pounds with her right arm because he found that limitation generally consistent with Dr. Taylor's opinion, as well as the opinion of Dr. Schosheim and Holland's own reported daily activities.

Holland takes issue with each of the ALJ's reasons for giving Dr. Taylor's opinions less than great weight. For example, Holland argues that Dr. Taylor's second opinion was not inconsistent with his first opinion. Instead, she contends that the ALJ misinterpreted Dr. Taylor's statement in his second opinion of "not applicable" as to the limitation of Holland

---

[3] The ALJ later elaborated on the inconsistency, finding that by omitting the right arm limitation in his 2017 opinion, Dr. Taylor appeared to have changed his mind as to that limitation. See id.

rarely lifting/carrying less than 10 pounds with her right arm. Although the ALJ read that statement as Dr. Taylor offering an opinion that Holland no longer had that limitation, she argues that the ALJ should have interpreted the statement as Dr. Taylor affirming, but declining to elaborate on, his first opinion. She further argues that Dr. Taylor's first opinion was not conclusory because it was based on his treatment history with Holland and her various ailments.[4]

Holland's arguments are unpersuasive. Unlike the ALJ's first decision, in which he discounted Dr. Taylor's 2015 opinion simply because Dr. Taylor did not provide a full assessment of Holland's overall abilities and limitations, see Admin. Rec. at 22-23, the ALJ offered several justifications in his second decision for giving less than great weight to Dr. Taylor's

---

[4] Holland's arguments focus on the ALJ's finding that she could occasionally lift or carry 10 pounds with her right arm, rather than rarely doing so, the latter of which she contends was Dr. Taylor's opinion. She does not explain how that distinction is relevant to the ALJ's decision, however. The vocational expert testified that Holland could perform the jobs of ticket taker and usher. See Admin. Rec. at 664-70. Holland does not explain, and the court does not see, how that testimony depends on whether Holland could lift or carry 10 pounds occasionally (as opposed to rarely) with her right arm. Therefore, any error appears to be harmless.

opinions.[5]  The ALJ elaborated on his reasons for not fully
crediting the 2015 opinion, and discussed how the 2017 opinion
contradicted the first opinion.  Although Holland urges the
court to adopt a different interpretation of Dr. Taylor's second
opinion, it is the ALJ's, not the court's, job to draw
inferences from and resolve conflicts in the record evidence.
Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765,
769 (1st Cir. 1991).

Here, the ALJ gave "good reasons" which could be accepted
by a reasonable mind for the weight given to Dr. Taylor's
opinions.  See Applebee v. Berryhill, No. 1:17-CV-00003-NT, 2017
WL 6523138, at *8 (D. Me. Dec. 20, 2017) (holding that the ALJ
gave good reasons for giving little weight to treating
physician's opinion because the opinion lacked explanation for
certain limitations and was inconsistent with a subsequent

_____

     [5] Holland also argues that the ALJ erred in evaluating Dr.
Taylor's opinions because the ALJ offered the same explanation
that he used to discount Dr. Taylor's 2015 opinion in the ALJ's
first decision—an explanation that the Appeals Council found
"inadequate."  The court disagrees.  The ALJ's first decision
criticized Dr. Taylor's 2015 opinion for not giving a full
assessment of Holland's abilities and limitations beyond her
right arm and shoulder, even though Dr. Taylor treated only
Holland's right shoulder impairment.  See Admin. Rec. at 725.
In his second decision, however, the ALJ discounted Dr. Taylor's
opinions, in part, because Dr. Taylor did not give a full
assessment of Holland's ability to use her right shoulder.  See
id. at 625.  Regardless, unlike his first decision, the ALJ
offered several reasons for giving Dr. Taylor's opinions less
than great weight, as discussed above.

opinion), report and recommendation adopted, No. 1:17-CV-003-NT, 2018 WL 1548684 (D. Me. Mar. 29, 2018), aff'd, 744 F. App'x 6 (1st Cir. 2018); see also Angie J. v. Berryhill, No. 2:17-CV-00148-JHR, 2018 WL 4658679, at *4 (D. Me. Sept. 27, 2018) (holding that the ALJ gave good reasons for giving little weight to treating physician's opinion when the opinion was inconsistent with physician's own treatment notes and the overall record). "While the record arguably could support a different conclusion, there is clearly substantial evidence to support the ALJ's findings." Applebee v. Berryhill, 744 F. App'x 6 (1st Cir. 2018).

B. Nurse Rogers

Nurse Rogers completed a medical source statement dated September 21, 2017. In his statement, Rogers opined that Holland was limited to sitting for about two hours and standing/walking for less than two hours in an eight-hour workday. He also opined that Holland would be limited to lifting/carrying less than 10 pounds occasionally, and would have limitations in handling, fingering, and reaching. Rogers stated that Holland would be unable to handle even low-stress jobs.

The ALJ gave Rogers's opinion little weight. Holland argues that the ALJ erred in his evaluation of Rogers's opinion

because the ALJ "does not state any clear reason" to discount the opinion. Doc. no. 7-1 at 12. To the contrary, however, the ALJ gave several reasons in support of the weight he gave to Rogers's opinion.

The ALJ noted, as a nurse practitioner, Rogers is not an acceptable medical source and therefore could not offer a medical opinion under § 404.1527(a). See 20 C.F.R. § 404.1513(a); Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims, SSR 06-3p, 2006 WL 2329939 (rescission eff. Mar. 27, 2017).[6] With regard to a non-acceptable medical source under SSR 06-3p, an ALJ is obligated only to "explain the weight given to" his opinion "or otherwise ensure that the discussion of the evidence . . . allows a claimant or subsequent reviewer to follow his reasoning." Robert L. v. Berryhill, No. 1:17-CV-00348-JDL, 2018 WL 3599966, at *9 (D. Me. July 27, 2018).

Regardless, even if Rogers were an acceptable medical source, the ALJ properly addressed his opinion and gave adequate reasons for affording it little weight. The ALJ noted that the opinion was based, in part, on Rogers's examination of Holland

---

[6] "The commissioner rescinded SSR 06-03p effective for claims filed on or after March 27, 2017." See Jessica B. v. Berryhill, No. 17-cv-294-NT, 2018 WL 2552162, at *7 (D. Me. June 3, 2018); (internal citations omitted). Because Holland's claim was filed prior to that date, SSR 06-03p was in effect for her claim.

after the period relevant to the determination of disability and that it included limitations due to Holland's recently diagnosed colon cancer, which was not relevant to her claim for disability.  The ALJ also found Rogers's opinion to be "overstated" and without any evidence to support the limitations he found——specifically the limitation as to Holland's ability to lift and carry.  Finally, the ALJ explained that Rogers's opinion, which imposed limitations that would result in Holland being limited to less than sedentary work, was inconsistent with other medical opinion evidence in the record, and he specifically referenced testimony by an impartial medical expert, Dr. Schosheim, who directly addressed Rogers's opinion.  See Admin. Rec. at 623.

Although Holland categorizes the ALJ's reasons to discount Rogers's opinion as "entirely speculative" and urges the court to draw certain inferences from the record, the court sees no error in the ALJ's evaluation of the opinion.  Therefore, Holland's challenge regarding Rogers's opinion is without merit.

C.   Dr. Schosheim

The ALJ gave great weight to the opinion of Dr. Schosheim, an impartial medical expert who testified at the hearing.  Dr. Schosheim opined that Holland had functional limitations consistent with those included in the ALJ's RFC assessment.  The

ALJ found that Dr. Schosheim's opinion was entitled to great
weight because he was able to review and address all of the
medical records in the evidence through the day of the hearing
as well as Holland's testimony at the hearing; his opinion was
consistent with other medical opinions in the record; he
supported his opinion with specific citations to the evidence of
record and clinical findings; and his opinion was consistent
with Holland's testimony as to her activities of daily living.

Holland contends that the ALJ erred in giving great weight
to Dr. Schosheim's opinion because the opinion did not directly
address Dr. Taylor's opinion.  That argument is unpersuasive.
Although an ALJ is required to consider every medical opinion in
the record, Holland offers no support for her theory that a
medical expert must specifically address every other medical
opinion in the record.  The ALJ determined that Dr. Taylor's
opinion was entitled to less than great weight and, as discussed
above, it is the ALJ's job to resolve conflicts in the evidence.
Holland does not point to any error in the ALJ's evaluation of
Dr. Schosheim's opinion.

D.   Dr. Loeser

The ALJ also gave great weight the opinion of Dr. Loeser,
who conducted a physical exam of Holland in November 2016.  Dr.
Loeser opined that Holland had persistent pain in her right

shoulder which would cause limited range of motion.  The ALJ
noted that although Dr. Loeser did not provide a function-by-
function assessment of Holland's ability to perform work-related
activities, his opinion as to Holland's limited range of motion
was consistent with Holland's treatment records.  Therefore, the
ALJ gave great weight to Dr. Loeser's opinion and it was
"reflected in the limitations noted above for [Holland's]
residual functional capacity assessment."  Admin. Rec. at 624.

Holland challenges the ALJ's evaluation of Dr. Loeser's
opinion.  The court need not address Holland's specific
arguments, however, because even if the ALJ erred in giving Dr.
Loeser's opinion great weight, that error is harmless.  In
giving Dr. Loeser's opinion great weight and incorporating the
limitations contained therein, the ALJ assessed a more
restrictive RFC for Holland than he otherwise would have.
Therefore, to the extent the ALJ erred in giving great weight to
Dr. Loeser's opinion, any error is harmless, and the court need
not address Holland's challenges.  See Ward v. Comm'r of Soc.
Sec., 211 F.3d 652, 656 (1st Cir. 2000).

For these reasons, the ALJ did not err in evaluating the
medical opinion evidence in the record.[7]

_____

[7] Holland also states in conclusory fashion that the ALJ erred
in giving great weight to the November 2015 opinion of Dr.
Jonathan Jaffe, a non-examining state agency medical consultant
who opined that Holland had functional limitations consistent

II. <u>Subjective Complaints</u>

The ALJ found that Holland's statements concerning her symptoms were not fully supported by the record. Holland contends that the ALJ erred in evaluating her subjective complaints.

Social Security Ruling ("SSR") 16-3p provides guidance to ALJs when they assess claimants' "symptoms, including pain, under 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)." Coskery v. Berryhill, 892 F.3d 1, 4 (1st Cir. 2018). Under the ruling, "an ALJ determining whether an applicant has a residual functional capacity that precludes a finding of disability must evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." Id. (internal quotation marks omitted).

> Moreover, SSR 16-3p provides that, in conducting that inquiry, the ALJ must examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical

---

with the ALJ's RFC assessment. To the extent Holland intended to raise a challenge to the weight the ALJ afforded to Dr. Jaffe's opinion, that argument is not sufficiently developed to be addressed. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . .").

sources and other persons; and any other relevant
evidence in the individual's case record.

Id. (internal quotation marks omitted).

The ALJ found that Holland's statements concerning the
persistence and intensity of her symptoms were inconsistent with
the objective medical evidence, treatment notes in the record,
and her level of daily activity.  In her motion, Holland
attempts to address some of the inconsistencies by offering
benign explanations, none of which finds support in the record
evidence.[8]  To the extent Holland suggests that there is actual
record evidence that supports the legitimacy of her subjective
complaints, "such conflicting evidence is for the ALJ to
resolve." Alonso v. Colvin, No. 14-cv-429-JL, 2015 WL 5167096,
at *2 (D.N.H. Sept. 3, 2015) (citing Seavey, 276 F.3d at 10);
see Allard v. Astrue, No. CA 10-10143-MLW, 2011 WL 3759746, at
*5 (D. Mass. Aug. 24, 2011).

Holland also criticizes the ALJ for stating that her
subjective complaints were inconsistent with her failure to
follow her doctor's recommendations to undergo physical therapy

_____

[8] For example, Holland notes that the ALJ discussed Holland's
level of daily activity and found that it was consistent with
the ability to perform work at the light exertional level.
Holland argues that "the ALJ failed to consider that Ms. Holland
may have structured her reported daily activities to minimize
impact of her pain symptoms and limitations."  Doc. no. 7-1 at
15.  She does not point to any record evidence to support, nor
argue in her motion, that she took such action, however.

and with a gap in her treatment records.  Holland contends that this contravenes SSR 16-3p's directive that an ALJ may not find a claimant's symptoms inconsistent with her failure to seek treatment "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."  SSR 16-3p, 82 Fed. Reg. 49462, 49462-03 (Oct. 25, 2017).  Holland, however, fails to offer <u>any</u> reason she did not undergo physical therapy or seek further treatment and does not point to anything in the record evidence that would explain her actions.  Therefore, the ALJ's statement concerning Holland's lack of treatment does not run afoul of SSR 16-3p.  <u>See</u> Christopher B. v. Berryhill, No. 2:17-CV-00502-JAW, 2018 WL 5786210, at *6 (D. Me. Nov. 4, 2018) ("Finally, while SSR 16-3p directs that ALJs will 'consider[ ] possible reasons [a claimant] may not comply with treatment or seek treatment consistent with the degree of his or her complaints' SSR 16-3p at 745, the plaintiff identifies no evidence of any reason(s) for failure to seek treatment that the ALJ ignored."), report and recommendation approved, No. 2:17-CV-00502-JAW, 2019 WL 97019 (D. Me. Jan. 3, 2019); Roxauna M. v. Berryhill, No. 1:17-CV-00350-NT, 2018 WL 3493075, at *6 (D. Me. July 20, 2018) (holding that ALJ complied with SSR 16-3p when he drew negative inferences from the claimant's failure to follow prescribed treatment because even though he "did not consider

any possible reasons for these purported failures, the plaintiff identifies none that he could have considered"), aff'd, No. 1:17-CV-350-NT, 2018 WL 4016432 (D. Me. Aug. 22, 2018).

For these reasons, Holland's arguments concerning the ALJ's evaluation of her subjective complaints do not require reversal. Therefore, the court denies Holland's motion to reverse and grants the Acting Commissioner's motion to affirm.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion to reverse (doc. no. 7) is denied, and the Acting Commissioner's motion to affirm (doc. no. 10) is granted. The clerk of court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 7, 2019

cc: Counsel of Record